IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| ALESHIA HARRIS, on behalf of M.I.D.H., a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-933 (RDA/WBP) ) |
| FRANK J. BISIGNANO, Commissioner of Social Security,[1] | ) ) ) |
| Defendant. | ) ) ) ) |

## ORDER

This matter is before the Court on the Report and Recommendation ("Recommendation") issued by U.S. Magistrate Judge William B. Porter on June 24, 2026, and on the Objection thereto filed by Defendant Martin O'Malley ("Defendant"). Dkts. 21, 22. For the reasons that follow, the Court APPROVES and ADOPTS the Recommendation and OVERRULES the Objection.

## I.  BACKGROUND

This is a Social Security appeal in which Plaintiff Aleshia Harris ("Plaintiff") seeks judicial review of the final decision denying her claim for Supplemental Security Income ("SSI") under the Social Security Act. Dkt. 1. In this case, the Administrative Law Judge ("ALJ") found that Plaintiff's minor child, M.I.D.H., was not disabled as defined by the Social Security Act and its applicable regulations, and the Appeals Council for the Office of Appellate Operations ("Appeals Council") denied Plaintiff's request for review. On appeal to this Court, the parties

---

[1] Plaintiff filed this action against Martin O'Malley, then Acting Commissioner of Social Security. Under Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), current Commissioner Frank J. Bisignano is substituted as the defendant in this matter.

1

have filed cross-motions for summary judgment. Dkts. 11, 15.

On June 24, 2026, Magistrate Judge Porter issued the Recommendation, recommending that this Court vacate the ALJ's final decision and remand the case for further consideration consistent with the Recommendation. Dkt. 21. On July 8, 2026, Defendant filed an Objection. Dkt. 22. On July 15, 2026, Plaintiff filed a Response. Dkt. 23.

## II. STANDARD OF REVIEW

When evaluating a Recommendation, a district court employs different standards depending on whether a party has objected. If a party has not objected to the Recommendation, the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). On the other hand, a district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

Under the Social Security Act, a district court must affirm the Commissioner's final decision "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). The term "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Easterbrook v. Kijakazi*, 88 F.4th 502, 511 (4th Cir. 2023) (citations omitted). It

is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotations and citations omitted). In determining whether a decision is supported by substantial evidence, the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Id.* (alteration in original) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). It is the ALJ's duty—and not the reviewing court's—to resolve evidentiary conflicts. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Although the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *See Ingram*, 496 F.3d at 1260 (citation omitted).

## III. ANALYSIS

In the Recommendation, Magistrate Judge Porter found that the ALJ failed to explain how the teacher questionnaire supported his findings that M.I.D.H. had less than marked limitations in the domains "caring for oneself" and "attending and completing tasks." Dkt. 21 at 13. Accordingly, the Recommendation concludes that the ALJ's determinations as to these domains were not supported by substantial evidence. *Id.* at 13-20; *see Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (holding that an ALJ must "build an accurate and logical bridge from the evidence to his conclusion" (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000))). Defendant objects to the conclusions as to both domains. Dkt. 22.

As to "caring for oneself," in brief, Magistrate Judge Porter concluded that the ALJ's

3

decision was not supported by substantial evidence because, despite giving the teacher questionnaire "significant weight," the ALJ found that serious problems on a daily or weekly basis noted in 6 of 13 areas in the questionnaire did constitute a marked limitation for "interacting and relating with others" but serious *or very serious* problems all occurring on a *daily* basis in 7 of 10 areas did not constitute a marked limitation for "caring for oneself"—without an explanation for this apparent internal contradiction. Dkt. 21 at 13-18; *see, e.g., Warren v. Astrue*, 2008 WL 3285756, at *11 (W.D. Va. Aug. 8, 2008) (holding that an ALJ's "decision cannot be supported by substantial evidence when he fails to adequately explain his rationale for rejecting the opinions of those whom he otherwise gave great weight to in arriving at his decision"); *Turner v. Comm'r of Soc. Sec.*, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024) (unpublished). In his Objection, Defendant argues that the ALJ did explain his consideration of the teacher questionnaire as well as other evidence that supported his finding regarding M.I.D.H.'s ability to care for himself. Dkt. 22 at 4.

Upon a *de novo* review of the record, the Court finds that the ALJ failed to build a logical bridge between the evidence and his conclusion as to the "caring for oneself" domain given this internal inconsistency. *See* A.R. at 688-90. As to this conclusion, the ALJ's explanation consists of only the following:

> The claimant has less than marked limitation in the ability to care for himself. Based on the claimant's teacher questionnaires and IEP, the record supports few limitations in his ability to care for himself in an age appropriate manner, particularly where he lives in a more stable, structured environment.

A.R. at 24-25. The ALJ does not explain why, if the questionnaire supported a marked limitation for "interacting and relating with others," it did not also support at least a marked limitation for "caring for oneself." This is especially true, where on the face of the questionnaires, M.D.I.H.'s restrictions with respect to caring for oneself, appear *more* marked rather than less. Although

Defendant points to the ALJ's general description of the questionnaire, IEP, and other record evidence elsewhere in the opinion, Dkt. 22 at 4, nowhere in the opinion does the ALJ address this discrepancy in his treatment of the only piece of evidence that he gave "significant weight," A.R. at 19. *See Roye v. Bisignano*, 2026 WL 821813, at *9 (E.D. Va. Mar. 25, 2026) ("The mere discussion of record evidence in other portions of the opinion without any tie specifically to an analysis of [the evidence at issue] does not assist the Court in tracing the path of the ALJ's reasoning."). Accordingly, the Court overrules the Objection as to this conclusion.

As to "attending and completing tasks," Magistrate Judge Porter concluded that the ALJ's decision was not supported by substantial evidence because, despite similar ratings in the teacher questionnaire as to "interacting and relating with others" and "attending and completing tasks," the ALJ failed to explain why one supported a marked limitation but the other did not. Dkt. 21 at 18-19. In his Objection, Defendant argues that the ALJ did explain his rationale with regard to this domain. Dkt. 22 at 2-3 (arguing the ALJ noted increased compliance with medication and that he was on schedule to graduate with a standard degree).

Upon a *de novo* review of the record, the Court finds that the ALJ again failed to build a logical bridge between the evidence and his conclusion. As to this conclusion, the ALJ's explanation is as follows:

> The claimant has less than marked limitation in attending and completing tasks. The claimant's teacher questionnaire suggests less than marked limitations in this domain. The claimant's IEP reports indicate work avoidant behavior during testing, as well as flexible scheduling, which support some level of impairment in his ability to attend to and complete tasks. His counseling records show that he forgets homework, and at times does not complete school work. With medication, his attention and behavior improved. The claimant's mental status examinations, as well as his IEP accommodations generally support "less than marked" impairment in his ability to attend to and complete tasks.

A.R. at 21. The ALJ does not provide any explanation as to why he concludes that the

questionnaire suggests less than marked limitations in this domain.  Again, as to "interacting and relating with others," the questionnaire found serious problems on a daily basis in 3 of 13 areas and serious problems on a weekly basis in 3 of 13.  A.R. at 688.  As to "attending and completing tasks," the questionnaire found serious problems all on a daily basis in 5 of 13 areas.  A.R. at 687-88.  Although it could be reasonable for the ALJ to have interpreted these findings to support different conclusions, the Court cannot build the bridge between this evidence and the conclusions for the ALJ.  *See Monroe*, 826 F.3d at 189 (4th Cir. 2016) (holding that an ALJ must "build an accurate and logical bridge from the evidence to his conclusion" (quoting *Clifford*, 227 F.3d at 872)).  And, although it could be reasonable for the ALJ to have weighed other evidence more heavily than the questionnaire, the only indication of the weight given to any evidence in the opinion is that the ALJ gave significant weight to the questionnaire.  A.R. at 19.  Accordingly, for the foregoing reasons, Defendant's Objection as to this conclusion will also be overruled.

## IV.  CONCLUSION

Having reviewed Defendant's Objection, Plaintiff's Response, the record, and Magistrate Judge Porter's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 21); and it is

FURTHER ORDERED that Defendant's Objection to the Recommendation (Dkt. 22) is OVERRULED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 11) is GRANTED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 15) is DENIED; and it is

FURTHER ORDERED that the ALJ's January 9, 2024 decision is VACATED and the

6

case is REMANDED for further consideration consistent with the Recommendation and this Order; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
July ___22__, 2026

_____
Rossie D. Alston, Jr.
United States District Judge

7